# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――― X
                                        :
CHARITA DOUGLAS, et al.                 :
                                        :
            Plaintiffs,                 :
                                        :
v.                                      :
                                        :
CHARIOTS FOR HIRE, et al.               :   Civil File No.: 1:12-CV-429-JEB
                                        :
            Defendants.                 :
                                        :
―――――――――――――――――――― X

### AGREEMENT TO SETTLE COLLECTIVE ACTION LAWSUIT AND RELEASE

This Agreement to Settle Collective Action Lawsuit and Release ("Agreement") is made and entered into by and between Named Plaintiff Charita Douglas ("Named Plaintiff") and Defendants Chariots for Hire ("Chariots"), M & C Enterprise, Inc. ("M & C"), Michael P. Fortkort ("Fortkort"), Courtney J. West ("West") and Jeffrey T. Dausch ("Dausch") (collectively, "Defendants"), and their respective counsel of record, in the above-captioned action ("Action").

### RECITALS AND BACKGROUND

1.  On or about March 19, 2012, Named Plaintiff brought this Action against Defendants seeking to recover allegedly unpaid overtime wages on behalf of herself and other past and present drivers for Chariots who had been classified as independent contractors. Named Plaintiff contends that she and other similarly situated current and former drivers engaged by Chariots as independent contractors are entitled to recover unpaid overtime wages as a result of Defendants' alleged failure to compensate them for hours worked in excess of forty (40) in any

given workweek. Specifically, Named Plaintiff alleges that Chariots had a company-wide policy and practice that allegedly misclassified drivers as independent contractors, rather than employees, and considered them to be exempt from the overtime requirements of the Fair Labor Standards Act of 1938, as amended ("FLSA"). Named Plaintiff contends that Defendants' policies and practices violate the FLSA and unlawfully denied Named Plaintiff and similarly situated drivers payment for overtime compensation.

2. Defendants answered the Complaint and denied the allegations that Defendants engaged in these practices or that Defendants are liable to Named Plaintiff or Opt-in Plaintiffs under the FLSA or any other law.

3. On or about July 30, 2012, Named Plaintiff filed a Motion for Leave to File Amended Complaint. The Court granted said Motion on or about September 11, 2012, and the Amended Complaint in this Action was deemed filed the same day.

4. Defendants answered the Amended Complaint and denied the allegations that Defendants engaged in these practices or that Defendants are liable to Named Plaintiff or Opt-in Plaintiffs under the FLSA or any other law.

5. On or about October 23, 2012, the Court conditionally certified this Action as a collective action under the FLSA, 29 U.S.C. § 216(b) ("Order of Conditional Certification"). Defendants continue to deny these allegations and continue to deny that this case is appropriate for collective action treatment. Pursuant to the Order of Conditional Certification, notice was sent to the following group of individuals defined as similarly situated to Named Plaintiff:

> Former and current employees of Chariots for Hire, Inc. who were classified as either "independent contractors" or "casual workers" from March 2009 to present.



2

6. On or about March 29, 2013, Named Plaintiff and thirteen (13) other individuals joined the lawsuit and submitted Consent to Sue Forms. The thirteen (13) individuals, other than Named Plaintiff, became Opt-in Plaintiffs. In submitting their Consent to Sue Forms, Opt-in Plaintiffs designated Plaintiff's Counsel to be their attorneys representing them in the Action and agreed to be bound by any judgment of the Court. They also agreed to be bound by, and share in, any settlement reached by Named Plaintiff on their behalf. They designated Named Plaintiff as their agent to make decisions on their behalf concerning the Action and their rights under the FLSA. They agreed that these decisions and agreements made and entered into by Named Plaintiff would be binding on them.

7. Over the past eighteen (18) months while this Action was pending, Named Plaintiff and Opt-In Plaintiffs diligently pursued an investigation of, and vigorously litigated, their claims against Defendants, and Defendants vigorously pursued any and all applicable defenses. The Parties engaged in both informal and formal discovery, which included propounding multiple sets of written discovery, responding to multiple sets of written discovery, interviewing witnesses, and producing thousands of documents. Defendants' Counsel took the deposition of Named Plaintiff, and Plaintiffs' Counsel took five (5) depositions.

8. In addition to this Action, on or about May 6, 2011, Named Plaintiff filed a Charge of Discrimination ("Charge") against Chariots with the U.S. Equal Employment Opportunity Commission ("EEOC"), which has since terminated its processing of the Charge. The Charge was also cross-filed with the Charge with the Virginia Council on Human Rights ("VCHR"). Named Plaintiff's Charge alleged discrimination, retaliation, and harassment on the basis of sex. Chariots denies the allegations contained in the Charge.

3

2717855 v.4

9. The Parties participated in a settlement conference with the Honorable U.S. Magistrate Judge Alan Kay of the U.S. District Court for the District of Columbia, on or about December 12, 2012. The settlement conference was not successful. The parties continued to engage in settlement discussions after the settlement conference and while discovery in this Action was ongoing.

10. On or about July 24, 2013, the Parties came to an agreement in principle to settle the claims in this Action.

11. The Parties expressly acknowledge that this Agreement is entered into solely for the purpose of compromising highly disputed claims and that nothing herein is an admission of liability or wrongdoing by Defendants.

12. It is the Parties' intention that this Agreement shall constitute a full and complete settlement and release of all of Named Plaintiff's claims against Defendants as alleged, or that could have been alleged, based on the facts underlying the claims alleged in the Complaint dated March 19, 2012 and the Amended Complaint dated September 11, 2012, in the Order on Conditional Certification, and as otherwise further developed during the litigation of this Action, as well as any and all claims Named Plaintiff or Opt-In Plaintiffs brought, or could have brought, against Defendants, or any of them, including but not limited to Named Plaintiff's Charge filed with the EEOC and VCHR.

## DEFINITIONS

13. "Action" means *Douglas v. Chariots for Hire, et al.*, Civil File No.: 1:12-CV-429-JEB, which was filed on or about March 19, 2012, and is currently pending in the U.S. District Court for the District of Columbia before the Honorable U.S. District Judge James Boasberg.

14. "Court" means the United States District Court for the District of Columbia.

15. "Final Settlement Amount" means the final total amount that Defendants will be obligated to pay in connection with the Settlement, which includes the Individual Settlement Payment that is distributed to Named Plaintiff, Plaintiffs' Counsel Costs, and Plaintiffs' Counsel Fees.

16. "Individual Settlement Payment" means the amount payable to Named Plaintiff pursuant to the terms of this Agreement.

17. "Settlement Information" means the existence of this Agreement, the communications leading to this Agreement, and/or the terms and provisions of this Agreement.

18. "Named Plaintiff" refers to Plaintiff Charita Douglas, who filed the Complaint in the Action on or about March 19, 2012 and the Amended Complaint in the Action on or about September 11, 2012.

19. "Parties" refers to Named Plaintiff Charita Douglas, Opt-in Plaintiffs, Chariots, M & C, Fortkort, Dausch, and West, collectively.

20. "Plaintiffs' Counsel" is Neil Duke of Ober, Kaler, Grimes & Shriver, who represents Named Plaintiff.

21. "Defendants' Counsel" is Jeffrey W. Pagano and Ira M. Saxe of Crowell & Moring LLP, who represent Defendants.

22. "Plaintiff's Counsel Costs" means all costs, without limitation, incurred by Plaintiff's Counsel to date, as well as such costs to be incurred in documenting the Settlement, securing the Court's approval of the Settlement, and obtaining entry of a judgment terminating this Action subject to Court approval.

23. "Plaintiffs' Counsel Fees" equals attorneys' fees paid by Defendants, as part of the Final Settlement Amount. Plaintiff's Counsel Fees do not include Plaintiff's Counsel Costs.

24. "Released Claims" are any and all claims, actions, suits, obligations, demands, liabilities, costs, expenses (including attorney's fees and costs incurred), causes of action, promises, damages, and/or rights of any kind, nature, and description, whether known or unknown, that Named Plaintiff has or may have against Defendants, or any of them, as of the date of this Agreement, including claims under the FLSA, the District of Columbia Wage Payment and Collection Law, the District of Columbia Minimum Wage Act, and state and local wage and hour law for a recovery based on and/or in any way related to, and/or arising from, all time worked, including but not limited to time allegedly worked off-the-clock, including but not limited to alleged pre-shift and post-shift work activities, travel time, waiting time, and time worked through (or skipped) meal and/or rest breaks; fraudulent misrepresentation; breach of implied contract; and/or any other claim alleged in the Action or that could have reasonably been alleged based on the operative facts asserted in the Action, or that arise from, relate to, or derive from facts and/or claims alleged in the Action; and/or any other claim alleged in the Charge or that could have reasonably been alleged based on the operative facts asserted in the Charge, or that arise from, relate to, or derive from facts and/or claims alleged in the Charge. The Released Claims also include any acts and/or omissions by Defendants, or any of them, before, during, or after Named Plaintiff's engagement by Defendants, or any of them, as an employee, independent contractor, or otherwise, that may have violated their rights whether inchoate or otherwise and/or constituted a failure to fulfill any obligation or duty arising as a result of any federal, state, or local law or ordinance, any compensation plan, benefit plan, contract, agreement or understanding, whether express or implied, any tort or other cause of action, including but not limited to any claim arising under the laws of the Commonwealth of Virginia and/or the District of Columbia, including but not limited to the employment discrimination, civil rights, and wage

2717855 v.4

and hour laws, the Constitution of Virginia, the Virginia Human Rights Act, the D.C. Human Rights Act, the District of Columbia Wage Payment and Collection Law, the District of Columbia Minimum Wage Act, the United States Constitution, and the laws of the United States, including but not limited to the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), the Civil Rights Act of 1866, as amended, the Civil Rights Act of 1964, as amended ("Title VII"), the Civil Rights Act of 1991, as amended, the FLSA, the Employee Retirement Income Security Act of 1974, as amended, the Family and Medical Leave Act, as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, 42 U.S.C. § 1981, as amended, and the Americans with Disabilities Act of 1990, as amended, any regulations thereunder, state or federal common law, or any other duty or obligation of any kind or description whether express or implied. Nothing in this Agreement shall require, or be construed to require, the waiver of any right or claim which, as a matter of law, cannot be waived.

25. "Released Parties" means Defendants Chariots, M & C, Fortkort, Dausch, and West, individually and collectively, and any of their former and present officers, directors, controlling equityholders, owners, equity holders, shareholders' members, managers, affiliates, parents, predecessors, successors, divisions, subsidiaries, agents, employees, insurers, co-insurers, re-insurers, attorneys, accountants, auditors, advisors, representatives, consultants, pension and welfare benefit plans, plan fiduciaries, administrators, trustees, general and limited partners, and/or assigns.

## TERMS OF AGREEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among Named Plaintiff and Defendants, and subject to the approval of the Court, that the Action is hereby being compromised and settled pursuant to the terms and conditions set forth in this Agreement and

7

that after the date of the Court's approval of this Settlement, judgment shall be entered, subject to the continuing jurisdiction of the Court as set forth below, subject to the recitals set forth herein above which by this reference become an integral part of this Agreement, and subject to the following terms and conditions:

26. <u>Payment.</u> Chariots agrees to pay a Settlement Amount not exceeding $■■■■■■, which shall fully resolve and satisfy any claim for Plaintiff's Counsel Fees, Plaintiff's Counsel Costs, and Individual Settlement Payment to Named Plaintiff. The total Settlement Payment shall be allocated as follows: (i) an initial check made payable to Charita Douglas in the amount of $■■■■■■ within fifteen (15) days after the Court approves the Settlement, as compensation for emotional distress and/or physical injury and sickness asserted pursuant to Title VII, which Defendants deny; (ii) an initial check made payable to Ober, Kaler, Grimes & Shriver, in the amount of $■■■■■■ in partial satisfaction of claims for Plaintiff's Counsel Fees and Plaintiff's Counsel Costs, and provided to Plaintiff's Counsel within fifteen (15) days after the Court approves the Settlement; (iii) a second check made payable to Charita Douglas in the amount of $■■■■■■ within forty-five (45) days after the Court approves the Settlement, as compensation for emotional distress and/or physical injury and sickness asserted pursuant to Title VII, which Defendants deny; (iv) a second check made payable to Ober, Kaler, Grimes & Shriver, in the amount of $■■■■■■ in partial satisfaction of claims for Plaintiff's Counsel Fees and Plaintiff's Counsel Costs, and provided to Plaintiff's Counsel within forty-five (45) days after the Court approves the Settlement; (v) a third check made payable to Charita Douglas in the amount of $■■■■■■ within seventy-five (75) days after the Court approves the Settlement, as compensation for emotional distress and/or physical injury and sickness asserted pursuant to Title VII, which Defendants deny; (vi) a third and final check made payable to Ober, Kaler,

Grimes & Shriver, in the amount of $▇▇▇▇ to fully satisfy all claims for Plaintiff's Counsel Fees and Plaintiff's Counsel Costs, and provided to Plaintiff's Counsel within seventy-five (75) days after the Court approves the Settlement; and (vii) a fourth and final settlement payment to Charita Douglas in the total amount of $▇▇▇▇▇▇ within 105 days after the Court approves the Settlement. The final settlement will consist of two separate checks. The first in the amount of $▇▇▇▇▇▇, as compensation for emotional distress and/or physical injury and sickness asserted pursuant to Title VII, which Defendants deny, and a separate check in the amount of $▇▇▇▇▇ less applicable federal, state and local taxes, as back wages.

27. <u>Release</u>.

    a.    The Parties agree that it is their intent that the resolution set forth in this Agreement will release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by Named Plaintiff (including participation to any extent in any class or collective action), to obtain a recovery against the Released Parties based on each and all Released Claims, including but not limited to, the allegations in the Complaint and Amended Complaint in the Action. Named Plaintiff releases any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind (including participation to any extent in any class or collective action), to obtain a recovery based on the Released Claims against the Released Parties.

    b.    Named Plaintiff shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims against the Released Parties, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or which may become cognizable in the future.

9

2717855 v.4

28. <u>Covenant Not to Sue</u>. Named Plaintiff agrees that, with respect to the Released Claims, she will not affirmatively join, opt in to, or participate as a party plaintiff in any claim under any statute, regulation, or other law, including but not limited to the FLSA, the District of Columbia Wage Payment and Collection Law, the District of Columbia Minimum Wage Act, state or local wage and hour law, or federal, state, or local employment discrimination laws against the Released Parties, that she will immediately withdraw or seek dismissal of the Charge filed with the VHCR, and that she will elect to opt out of any action under the FLSA, the District of Columbia Wage Payment and Collection Law, the District of Columbia Minimum Wage Act, state or local wage and hour law, or federal, state, or local employment discrimination laws against the Released Parties of which she is involuntarily made a member or participant either at the time she receives notice of the right to opt out or such time as this Covenant Not to Sue is brought to her attention. Moreover, Named Plaintiff understands and agrees that she may not reinstate the Action.

29. <u>Tax Liability</u>. Except as set forth in this Paragraph, Defendants, Defendants' Counsel, and Plaintiff's Counsel make no representations as to the tax treatment or legal effect of the payments called for hereunder, and Named Plaintiff is not relying on any statement or representation by Defendants, Defendants' Counsel, and Plaintiff's Counsel in this regard. If Chariots is required to report and withhold any amounts with respect to the Individual Settlement Payment to a state or federal agency pursuant to applicable tax laws (including with respect to income and payroll taxes), Chariots shall do so. Named Plaintiff understands and agrees that even if Chariots reports and withholds amounts in accordance with the prior sentence, Named Plaintiff may have responsibilities for the payment of federal, state and local taxes (including with respect to income and payroll taxes). The portion of Named Plaintiff's Individual

Settlement Payment stated in Paragraph 26(i) will be reported on IRS Form W-2 as, and is being withheld upon as, wages for tax purposes. Chariots will be separately responsible for the payment of any employer taxes with respect to such portion of the Individual Settlement Payment, including the employer portion of FICA, FUTA, and SDI contributions (collectively, "Employer Taxes").

Defendants make no representation, nor do they provide any guarantee or assurance, that the amounts paid to Named Plaintiff pursuant to Paragraph 26 are not income as defined by the Internal Revenue Code. Further, in the even it is determined by an appropriate tax authority that there is any income tax due on any payment made to Named Plaintiff pursuant to Paragraph 26 of this Agreement, Named Plaintiff agrees that she will be solely responsible for the payment of all such taxes due, and will indemnify and hold Defendants harmless for all such taxes and penalties for which Defendants may be found liable.

30. **Confidentiality of Settlement.**

    a. The Parties covenant and agree that they have and will continue to maintain in strict confidence the terms of this Agreement and shall not disclose such terms or conditions to any person. Named Plaintiff agrees that the confidentiality of Settlement Information is integral and of the essence, and that Defendants have informed her that they would not have entered into this Agreement without the protections offered by Paragraphs 30(a)-(d), 40, and 41. Named Plaintiff, her attorneys, agents, representatives, heirs, executors, successors, and assigns, warrant that neither he/she nor they have disclosed, orally or in writing, directly or indirectly, any Settlement Information.

    b. The Parties agree that they will keep this Agreement, and the terms and conditions of this Agreement, as well as any communications leading to this Agreement,

strictly confidential. If inquiries arise concerning this Agreement or the underlying Action, the Parties may reply that "the matter has been resolved," or words substantially equivalent, but shall make no other comment.

    c.    Named Plaintiff will not review, discuss, or disclose, orally or in writing, any Settlement Information with any person other than her attorneys, tax consultants, and spouse, or as required by process of law, and will only do so in a manner that will prevent disclosure of any Settlement Information to other third parties. Any disclosure by her to any other persons shall also be deemed a violation of this Agreement.

    d.    In the event Named Plaintiff is subpoenaed or otherwise required by process of law to disclose any information prohibited from disclosure by this Agreement, she must make all reasonable efforts to provide Defendants with written notice of the subpoena or other court process within three (3) business days of receipt of the subpoena or notice of other court process. The notice obligation established in this Paragraph shall be satisfied by delivering by mail or commercial delivery service, by hand or by facsimile, to the attention of Michael P. Fortkort, The International Trade Center, 13164 Lazy Glen Lane, Oak Hill, VA 20171.

31.    Named Plaintiff agrees to refrain from any defamation, libel, or slander of Defendants, or any of them, or tortious interference with the contracts or other relationships of Defendants. Named Plaintiff further agrees that she will not act in any manner that might damage the business or reputation of Defendants, or any of them.

32.    <u>Motion to Seal.</u> The Parties will seek to file this Agreement with the Court under seal. Execution of this Agreement, however, shall not be dependent on the Court's granting of the motion to seal.

33. <u>Best Efforts</u>. The Parties agree to use their best efforts to carry out the terms of this Agreement and to obtain approval of the Settlement as quickly as possible.

34. <u>Settlement Approval and Entry of Final Judgment</u>. The Parties shall file a motion for approval of the Settlement. After entry of the order on approval and judgment, the Court shall have continuing jurisdiction solely for purposes of addressing the interpretation and enforcement of the terms of the Settlement.

35. <u>Dismissal of the Action</u>. The Parties agree that, upon approval of the Settlement, the Action will be dismissed in its entirety with prejudice. Plaintiff's Counsel will file the papers necessary to effectuate this result within fifteen (15) days of approval.

36. <u>Nullification of Agreement</u>. If the Court does not finally approve the Settlement as provided herein, this Agreement shall be null and void.

37. <u>Entire Agreement</u>. This Agreement constitutes the entirety of the Parties' Settlement terms. No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.

38. <u>Amendment or Modification</u>. This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties, their successors-in-interest, or the Parties' respective designees.

39. <u>Authorization to Enter Into Agreement</u>. Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. If the Parties are

unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

40.     Breach of the Agreement. If either Named Plaintiff or Defendants bring an action against the other parties or otherwise seek to enforce this Agreement by reason of the breach of any covenant, warranty, representation, or condition of this Agreement, or otherwise arising out of this Agreement, whether for declaratory or other relief, the prevailing party in such suit shall be entitled to its costs of suit and attorneys' fees.

41.     Remedies for Breach of the Agreement. Named Plaintiff acknowledges and agrees that confidentiality of Settlement Information is essential and integral to this Agreement, and that Defendants' remedies at law for a breach or threatened breach of any of the provisions of Paragraph 30, including all subparts, would be inadequate, that damages for a breach or threatened breach cannot reasonably be determined, and Defendants would suffer irreparable damages as a result of such breach or threatened breach. Named Plaintiff acknowledges and agrees she will be liable, in addition to any remedy available at law, for liquidated damages in the amount of 50 percent of her Individual Settlement Payment under this Agreement if she violates the confidentiality provisions set forth in this Agreement. Named Plaintiff agrees that, in the event of such breach or threatened breach, as determined in good faith by Defendants, in addition to any remedies at law, Defendants shall be entitled to cease making any payment required by the Agreement and obtain equitable relief in the form of specific performance, temporary restraining order, temporary or permanent injunction, or any other equitable remedy which may then be available under applicable law. Named Plaintiff further agrees that, in the event of such a breach or threatened breach, as determined in good faith by Defendants, in

addition to any remedies at law, she will indemnify and hold Defendants harmless for all damages suffered by, and all costs and fees expended by, Defendants as a result of such breach or threatened breach.

42. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

43. **Virginia Law Governs.** All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Virginia.

44. **Counterparts.** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties shall exchange among themselves original signed counterparts. Facsimile signatures shall have the same force and affect as original signatures.

45. **This Settlement Is Fair, Adequate and Reasonable.** Named Plaintiff, Plaintiff's Counsel, Defendants, and Defendants' Counsel agree that this Settlement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations, and in the context of adversarial litigation, taking into account all relevant factors, present and potential.

46. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the Court's jurisdiction for purposes of interpreting, implementing, and enforcing the terms embodied in this Agreement and all orders and judgments entered in connection therewith.

47. **ADEA Provisions and Notification.** In compliance with the requirements of the ADEA, as amended by the Older Workers' Benefit Protection Act of 1990, Named Plaintiff

acknowledges by her signature below that, with respect to the rights and claims waived and released herein under the ADEA, she has read and understands this Agreement and specifically understands the following:

 (a) That she is advised to consult with an attorney before signing this Agreement;

 (b) That she is releasing the Released Parties from, among other things, any claims which she might have against any of them pursuant to the ADEA;

 (c) That the releases contained in this Agreement do not cover the rights or claims that may arise after the date on which Named Plaintiff executed this Agreement;

 (d) That she has been given a period of twenty-one (21) days in which to consider this Agreement but if Named Plaintiff elects to forego any portion of the twenty-one day period, she understands and agrees that she does so voluntarily and is waiving the balance of the twenty-one day period; and

 (e) That she may revoke this Agreement, in writing, during the seven (7) day period following the date of her execution of this Agreement; provided, however, Named Plaintiff acknowledges and understands that any revocation of this Agreement by Named Plaintiff must be made in accordance with the notice provision set forth above in Paragraph 30(d). This Agreement will not become binding and effective until the seven (7) day revocation period has expired.

[Signatures on Following Page]

NAMED PLAINTIFF:

DATED: 11-12-2013 _____
Charita Douglas

PLAINTIFF'S COUNSEL:

DATED: 12-20-13    By: _____
Neil R. Duke
Attorneys for Named Plaintiff

DEFENDANT:    Chariots for Hire

DATED: 12/18/2013    By: _____

MICHAEL P. FORTKORT
Name of Authorized Signatory

PRESIDENT M&C ENT., INC.
Title of Authorized Signatory

DEFENDANT:    M & C Enterprise, Inc.

DATED: 12/18/2013    By: _____

MICHAEL P. FORTKORT
Name of Authorized Signatory

PRESIDENT, M&C ENT., INC.
Title of Authorized Signatory

DEFENDANT:  Michael P. Fortkort

DATED: 12/18/2013   By: _[signature]_

DEFENDANT:  Courtney J. West

DATED: 12/18/13   By: _[signature]_

DEFENDANT:  Jeffrey T. Dausch

DATED: 12/19/13   By: _[signature]_

DEFENDANTS' COUNSEL:

DATED: 12/19/13

By: _[signature]_ Jeffrey W. Pagano
Attorneys for Defendants